# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JONATHAN LOUIS WALTON,

       Defendant-Appellant.

UNPUBLISHED
January 9, 2018

No. 334882
Wayne Circuit Court
LC No. 16-000772-01-FC

Before: STEPHENS, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of voluntary manslaughter, MCL 750.321, for which he was sentenced to 10 to 15 years' imprisonment. We affirm.

Defendant was convicted of manslaughter for the stabbing death of a female friend. Defendant and the victim were together on the night that she died, and her blood was found in his house and car, and on his clothing. The victim was stabbed once in the upper left side of her chest. The object used to stab the victim broke the victim's third and fourth ribs, punctured a lung, and severed the airway leading to the punctured lung. The victim swallowed and aspirated a significant amount of blood, and in doing so, she likely coughed up blood and struggled to breathe for up to one hour before dying. The victim's body was then abandoned in an alley in Detroit.

Defendant argues that the trial court abused its discretion when it departed upward from the sentencing guidelines by sentencing him to a minimum term of 10 years' imprisonment. This sentence constituted an upward departure from the minimum sentencing guidelines range of 58 to 114 months. "We review a trial court's upward departure from a defendant's calculated guidelines range for reasonableness." *People v Steanhouse*, 500 Mich 453, ___; 902 NW2d 327 (2017); slip op at 14. "We review the reasonableness of a sentence for an abuse of the trial court's discretion." *Id.*; slip op at 10.

Defendant contends that the trial court wrongfully sentenced him to a minimum term of 10 years' imprisonment because it believed that the jury made a mistake by finding defendant guilty of manslaughter, and not guilty of either first- or second-degree murder. However, the trial court never mentioned the jury's decision to find defendant guilty of manslaughter during sentencing, and gave no indication that it took the jury's verdict into account when sentencing

-1-

defendant. Defendant refers to only one statement by the trial court as evidence that the trial court departed upward because it concluded that the jury reached the wrong verdict:

> You have no respect for human life. You are a real danger to society, sir. And that was shown by the fact that you stabbed this woman that you say that you cared so much about and then just drove her around until she died with blood coming out of her mouth choking to death. You don't have any compassion for her and you leave her out in some field.

Defendant does not explain how this passage demonstrates that the trial court disagreed with the jury's verdict and that the trial court's upward departure was based on any such disagreement with the jury verdict. Further, the record does not support defendant's claim.

Instead, the record shows that the trial court used a number of factors to justify its decision to depart from the sentencing guidelines, which it was authorized to do in sentencing defendant. In *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), our Supreme Court held that Michigan's sentencing guidelines were advisory, rather than mandatory. *Id.* at 391. The *Lockridge* Court also held that trial courts are no longer required to articulate a substantial and compelling reason for a departure from the minimum sentencing guidelines range. *Id.* at 392. And a sentence that departs from the applicable guidelines range is reviewed for reasonableness. *Id.* The reasonableness of a sentence is reviewed by applying the "principle of proportionality," which was originally articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). This Court may consider a number of factors under the principle of proportionality standard, including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) (internal citations omitted), rev'd in part on other grounds by *Steanhouse*, 500 Mich at 453.]

During sentencing, the trial court considered both the seriousness of the offense and other factors that were not sufficiently taken into account by the guidelines, stating:

> The defendant took a knife and stabbed it into this woman's chest, then she gets in his car and he drives her around, but he never takes her to a hospital. He let's [sic] her die, as the medical examiner indicated, with blood probably coming out of her mouth and all the other problems with somebody who's stabbed in the lung. And then eventually this woman that he's supposedly friends with and maybe even wanted to be intimate with, he leaves her dead out in a grass alley with her shirt pulled up or up almost to her neck with her top showing and leaves her out there to be found by others.

The trial court considered the seriousness of the offense, noting the brutal and careless nature of the crime, and that defendant let the victim choke to death on blood before disposing of her body

in an alley. The trial court also highlighted the relationship between defendant and the victim, and indicated that the crime was particularly heinous because defendant had held himself out as a close friend of the victim prior to her murder.

The trial court also considered defendant's criminal history at sentencing, noting that defendant had 18 prior felonies and seven misdemeanors. More specifically, defendant had 14 prior convictions for forgery. Defendant was convicted of all 14 counts of forgery in Albuquerque, New Mexico, on July 6, 1996. The prosecution noted that, "In looking at [defendant]'s priors, they are all low severity felonies, but PRV [Prior Record Variable Score] 2 stops at 4. [Defendant] has 14 more felony convictions after that, which are not considered by the guidelines."

The trial court noted that even if all 14 forgery convictions were combined into one single conviction, "[defendant] still has . . . five felony convictions. So he's a danger to society." The sentencing court must consider the nature of the offense as well as the background of the offender, and a departure from the sentencing guidelines is "appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing." *Milbourn*, 435 Mich at 651, 657. See also *Steanhouse*, 500 Mich at ___; slip op at 11. Defendant's other felony convictions included two convictions for carrying a concealed weapon, one conviction for fraud, and numerous misdemeanor convictions for operating while intoxicated and driving with a suspended license, as well as convictions for miscellaneous drug crimes. If the 14 forgery convictions are viewed as one offense, defendant's current conviction is his thirteenth criminal conviction.

The record reflects that the trial court took into consideration the severity of the crime, defendant's relationship to the victim, and defendant's extensive criminal history when making the decision to depart from the applicable guidelines range. A sentencing departure is warranted where "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Milbourn*, 435 Mich App at 657. The sentence imposed "did not constitute an abuse of discretion because the offense involved circumstances not accounted for, or accounted for inadequately, in formulating the guidelines." *People v Houston*, 448 Mich 312, 321; 532 NW2d 508 (1995). See also *Steanhouse*, 500 Mich at ___; slip op at 11. The sentence imposed by the trial court was "proportionate to the seriousness of the circumstances surrounding the offense and the offender," and properly satisfied the principle of proportionality. *Id.*, quoting *Milbourn*, 435 Mich at 636. Thus, defendant's sentence was reasonable under *Lockridge*, 496 Mich at 392, and *Steanhouse*, 500 Mich at 453. Accordingly, defendant's claim is without merit.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly